Good morning, Your Honors. May it please the Court, this is Christopher Mykish of Mayor Brown LLP on behalf of Felipos Milios, the petitioner appellant. The District Court abused its discretion by denying Mr. Milios' habeas petition without adequately developing the record based solely on the conflict between Mr. Milios' sworn allegations in the petition and his sworn statements at his change of plea hearing. The Court looks with disfavor on the summary rejection of habeas petitions and has stated that an evidentiary hearing is particularly important where circumstances suggest the guilty plea was not voluntary. The Court has also observed that petitions raising issues that implicate actions taken by counsel outside the presence of the trial judge cannot ordinarily be resolved without a hearing. These are precisely the type of allegations set forth by Mr. Milios in his trial counsel induced him to plead guilty by telling Mr. Milios in off-the-record interactions that he was a long-time friend of the defendant. So our case law certainly permits a trial judge to proceed without an evidentiary hearing, right, as long as there's an adequate record? Yes, Your Honor. We don't dispute that the District Court enjoins it. What did Mr. Milios put in by way of evidence or proffer by way of evidence that would warrant an evidentiary hearing? Well, Your Honor, Mr. Milios' petition itself was submitted with a declaration affirming under oath that the allegations were true and correct. The only other evidence in the record were Mr. Milios' plea hearings. He didn't submit an affidavit from counsel. He didn't submit an affidavit from any family member who purportedly heard the promise that counsel supposedly made, correct? That's correct, Your Honor. Mr. Milios did not submit an affidavit from family members, so he did state in his petition that family members were witnesses to the conversation. With respect to an affidavit from counsel, respectfully, the government or the District Court should have directed Mr. Milios' trial counsel to come forward with that evidence and develop the record so that this was not resolved solely on the conflicting statements by Mr. Milios. The alleged promise was that he would get a four-year sentence? The alleged promise did include a promise of a four-year sentence, but it also involved trial counsel telling Mr. Milios that he was a friend with the judge's assistant and that he would be able to go behind the prosecutor's back to secure him a lenient sentence. But during both before the sentencing and during the sentencing, defense counsel asked for a five-year sentence. Isn't that so? That is correct, Your Honor, but that is not necessarily inconsistent because the government obviously was part of the sentencing. If what Mr. Milios alleges was true, that his counsel could go behind the prosecutor's back, there's no reason that counsel wouldn't play a charade in front of the prosecutor asking for a five-year sentence. Aren't those facts inconsistent with the argument that he would not have pled guilty but for the promise of a four-year sentence? Well, Your Honor, the record shows that Mr. Milios would not have pled guilty if there were any sentence longer than six years. In a letter that the government submitted in opposition to Mr. Milios' petition documenting a conversation between trial counsel and Mr. Milios, Mr. Milios made clear that he believes anything longer than six years would be a death sentence. So, if the government had, excuse me, if trial counsel had convinced the court for a five-year sentence, Mr. Milios may not have challenged the guilty plea that he entered, but the fact is he was sentenced to 97 months in prison, which he would never have accepted because he felt that such a sentence would effectively be a death sentence for him. But counsel, this is Judge Dooley, he did accept it. He got through the canvas and acknowledged unequivocally that he understood the exposure in terms of potential sentences. So, and then later argued for a five-year sentence. How does that not preclude a determination that he suffered any prejudice, even if the allegations about trial counsel are accurate? Your Honor, the district court would not have accepted his guilty plea if he had not agreed with the questions and created a record that the plea was voluntary. Any challenge to a sentence based on an improper promise of a lenient sentence will necessarily involve a conflict between statements at the plea elocution and statements in the habeas petition. It would be unfair if the federal courts were to adopt a per se rule that discredited the plea elocution over the petition and effectively foreclosed habeas as a remedy. Well, I would agree with that, but we have a defendant that then, as Judge Chin pointed out, asked for a five-year sentence, which the district court did not do, but that sort of suggests that he would have pled guilty, not on the promise of a four-year sentence, but he would have pled guilty and was seeking a five-year sentence. That's not particularly articulate, but I think that that's a problem for your argument. Your Honor, to the extent that would, I think, go to the prejudice point, which the district court did not actually consider in its decision, and the government has only raised on this appeal, but even if Mr. Melios would have pled guilty to a five-year sentence, that's not what he actually obtained, and it's not what the plea agreement was for. The plea agreement would have required a sentence in the 97 to 108-month range, and so he would not have accepted that plea agreement if he understood that there was no way that he was going to get a lenient sentence as he was promised by counsel. You know, of course, we can look at the prejudice prong, and doesn't he have to show that there's a reasonable probability that but for counsel's errors, he would not have pleaded guilty and he would have insisted on going to trial, right? He has to show that. Yes, Your Honor, and on this record, how can he show that? Well, that is all the more reason that the district court should have done something, not necessarily held a full hearing, but at least developed the record to determine whether or not Mr. Melios would or would not have pled guilty. Right now, as the record stands, Mr. Melios' allegations in his petition indicate he would not have pled guilty, and the records... You're about out of time, by the way. You have two minutes for rebuttal. Why don't you finish up? Thank you. Just to note, again, that the record evidence in the letter from Mr. Melios' counsel indicates that he would not have pled guilty for anything longer than six years because he felt it would be a death sentence. All right. We'll hear from the government. Thank you, Your Honor. Can you hear me? Yes. Okay. May it please the court, Assistant United States Attorney David Wong from the District of Connecticut, on behalf of the United States. The district court did not abuse its discretion in denying the defendant's 2255 petition without an evidentiary hearing or expanding the record on this threadbare claim that his trial counsel allegedly promised him a four-year sentence because of a longstanding friendship with the judge's assistance. Would it not have been better to have at least asked the defense counsel to have submitted an affidavit or a declaration? The question, Judge Chen, is not whether it would have been better for... I know, but that's my question, isn't it? Yes, it is, Your Honor. But on an abuse of discretion standard, Judge Thompson was entitled to rely on the fulsome plea colloquy that lasted 47 minutes in front of Magistrate Judge Martinez, as well as the multiple representations that Mr. Dow... I mean, sorry, that Mr. Milius gave in his plea agreement. The record was also supported by the defense counsel's... I understand all that, but wouldn't it have been better, with the benefit of hindsight, to have heard from defense counsel directly? Your Honor, the district court judge did not order that, and it should be noted that the defendant did not also seek that. Certainly, there was nothing prohibiting him from trying to get an affidavit from defense counsel. He did not seek discovery. He did not seek an evidentiary hearing. Of course, in hindsight, perhaps Judge Thompson could have exercised his discretion to that. But remember that this particular claim, which this court granted COA on, was but one claim of a seven-claim 2255. So there are a number of claims that Judge Thompson was considering in trying to resolve the 2255. And certainly, the Supreme Court's cases, as well as this court's mindful of the scarce judicial resources that district courts who are very busy must... So on... Let me ask you this. On this record, there is a sworn statement from Milius. Should we not assume that the promise was made? I think the court... Judge Thompson had every right to be skeptical about this particular claim when it was unsupported by any sort of documentary evidence, any affidavits by family members, including family members who allegedly had overheard this promise. This is, after all, a defendant who attempted to... Could the district court make a credibility finding and say, I don't believe Mr. Milius when he swears in his affidavit that this promise was made to him? It can, Your Honor. Under Blackledge v. Allison, which is another guilty plea case, the Supreme Court held that the defendant's sworn statement in a plea, a colloquy, in a solemn proceeding, imposes a formidable barrier that he must overcome. And on this record before Judge Thompson, there was simply not enough... It was certainly not an abuse of discretion for Judge Thompson to rely on the fulsome plea colloquy, which Mr. Milius will not contend with. There's anything wrong or inadequate about it. In fact, he concedes at A-182 that it was a proper Rule 11 colloquy. So Judge Thompson was entitled to rely on Mr. Milius' own sworn statements at a time when, closer in time to when this alleged promise was made in a solemn proceeding, to reject his red bear claim, an unsupported claim, almost two years later in the 2255. I think that's what the Allison case teaches all of us, which is that in a guilty plea context, the defendant has an even higher barrier to prove up his 2255. And on an abuse of discretion standard, Judge Thompson did not abuse his discretion in this case. Now, Chang and some other cases are different, Your Honor, because in those cases, those were not guilty plea contexts. So if a district court judge had, on the one hand, nothing because it was a trial and a defendant did not have to subject himself to a Rule 11 colloquy, and on the other hand, they had allegations that perhaps were supported by more specific details or affidavits, then I think the balance would go to erring on the side of a hearing or at least some sort of record development. But that is not this case. Again, we have a case where, on the one hand, we have Mr. Melious' really conclusory and red bear allegations in his 2255. And on the other hand, we have both his plea agreement and his plea colloquy that support a finding that he was entering into this plea knowing the full consequences of a guilty plea and the fact that there were no promises made. Essentially, Your Honor, the defendant is asking this court to disavow his prior sworn statement on his plea agreement as if somehow they didn't occur. And that poses a concern, certainly for the government, that somehow a prisoner can disavow a statement that they can make in order to get the benefit of a guilty plea, and then sometime later, and in this case, almost two years later, somehow finagle his way into an evidentiary hearing merely on his own say-so. And so, on that basis, Judge Thompson did not abuse his discretion. Turning to the issue of prejudice, the government has stated its reasons why Mr. Melious has not fashioned a showing for prejudice under Strickland. It seems as if the opposing counsel is suggesting that he can demonstrate prejudice merely by his own say-so, and that is not the case. The plea offer that opposing counsel refers to was made sometime before the actual guilty plea. It was made, I believe, about 14 months before the guilty plea and even before Mr. Melious was indicted. And as the brief, the circumstances for which Mr. Melious was faced at the time of the guilty plea had deteriorated, among which he had attempted to escape the country in a shipping container in the interim and was arrested pending trial. So, if the court is somehow uncomfortable with Judge Thompson's decision to not conduct a hearing or expand the record, then we can rely on finding that there has been no showing of prejudice under Strickland, which is a high bar. Unless there are any further questions from the court, the government will rest on its brief and ask that this panel affirm the district court's decision below. Thank you. Thank you. We'll hear the rebuttal. Thank you, Your Honors. The government's correct that Chang is different, and Chang is different because in that case, the district court did observe interactions between counsel and the petitioner at trial. And the claim in that case was that the trial counsel never advised the petitioner of his rights to testify at trial. That's completely different than the situation here where Mr. Melious alleges that his counsel coerced him into creating a charade at the plea and agreeing that the plea was voluntary so that counsel could later go behind the prosecutor's back and secure Mr. Melious a lenient sentence. There was nothing that prohibited Mr. Melious from developing the record, but there was also nothing that required him. And the court should keep in mind that Mr. Melious was pro se on this petition. And there is precedent from the Supreme Court that in Harris v. Nelson, that it's the district court's duty to provide the necessary facilities and procedures for an adequate inquiry. And finally, with respect to prejudice, the fact that the deteriorating circumstances, as the government refers to them, the district court never considered that. And to make that factual determination in the first place, the district court should have developed the record on prejudice as well as Mr. Melious' trial counsel's performance. Okay. We will reserve decision. That completes the cases to be argued today. Thank you to counsel. Everyone stay safe. And I'll ask the deputy to adjourn. Court stands adjourned.